Dear Mrs. Hall:
Our office is in receipt of your request for an Attorney General's opinion regarding the legal responsibilities and duties of the governing authority for the Village of Powhatan. We will reiterate the facts from your letter of September 1, 1993. The Mayor of the Village of Powhatan and an aldermen are on the October 16th ballot for the question of recall. If the mayor and alderman are recalled, you have the following questions:
 1. Will the mayor pro tempore assume the mayor's vacancy?
 2. Will two aldermen be appointed to fill vacancies, or will the council appoint a mayor and an alderman?
 3. Will the governing body have to issue a proclamation ordering a special election to fill the vacancies within ten days?
The Village of Powhatan is a Lawrason Act municipality. (LSA-R.S. 33:321 et seq.) Under the provisions of the Lawrason Act, R.S. 33:385, the law provides for a vacancy in the office of alderman to be filled pursuant to R.S. 18:602. Section 602 states, in pertinent part:
 A. When a vacancy occurs in the office of a member of a parish or municipal governing authority or a combination thereof, a mayor, or any other local or municipal office, . . . and the office is filled by election wholly within the boundaries of a local governmental subdivision, the governing authority of the local governmental subdivision where the vacancy occurs shall, within ten days, appoint a person to fill the vacancy who meets the qualifications of the office. The presiding officer of the governing authority shall not be required to vote on such an appointment to be made by the governing authority of a local governmental subdivision unless a tie vote occurs thereon, in which case he shall vote to break the tie; however, in no case shall the presiding officer vote more than once on the appointment.
 * * *
 D. If a vacancy is not filled within the time specified in Subsections A, B, or C herein, the governor shall fill the vacancy.
 E.(1)(a) If the unexpired term of an office covered by Subsection A, B, or C above is one year or less, the person appointed to fill the vacancy or designated to assume the duties of the office shall serve for the remainder of the unexpired term.
 (2)(a) If the unexpired term exceeds one year, the governing authority of the local governmental subdivision in which the vacancy occurs, . . . within ten days after the vacancy occurs, shall issue a proclamation ordering a special election to fill the vacancy and shall specify in the proclamation, in accordance with R.S. 18:402, the dates on which the primary and general elections shall be held. In selecting the dates for such special elections, the governing authority, . . . shall first choose a gubernatorial or congressional election date. If no such date is available within a year of the occurrence of the vacancy, the governing authority, . . . shall then select an election date in accordance with R.S. 18:402. If the governing authority or school board fails to issue the proclamation within ten days after the vacancy occurs, the governor shall issue the proclamation.
 * * *
We will respond to your questions based on the election results of the October 16, 1993 special election for the recall of Mayor Colvin and Alderman Colvin in the Village of Powhatan. In said election, the alderman was recalled by a vote of 44 to 42, and the recall of the mayor resulted in a tie. The question of recalling the mayor will be returned to the people on November 13, 1993. (See Opinion Number 93-698, enclosed herein.)
LSA-R.S. 33:405 provides for the board of aldermen to select one of the aldermen to be mayor pro tempore, who shall act in the absence of the mayor, with the same power and duties, except for the veto power of the mayor. A recent Attorney General Opinion, Number 93-398 A, concludes that the mayor pro tempore retains his power to vote as a councilman, absent a specific statutory prohibition. This opinion further concludes that "nothing in the Lawrason Act (Title 33 of the revised statutes Section 321 et. seq.) indicates that the mayor pro tempore assumes the office of mayor. He is temporarily vested with only the ability to perform some of the mayor's powers, functions and duties."
In response to your first question, if the mayor is recalled on November 13, 1993, it is the opinion of this office that the mayor pro tempore will not assume the mayor's vacancy, but act in the absence of the mayor until an appointment is made to fill the vacancy, in accordance with LSA-R.S. 18:602.
In response to your second question, since only the alderman was recalled at the October 16th election, there is only one vacancy to fill at this time. The governing authority shall, within ten days of the vacancy, appoint a qualified person to the office of alderman. (LSA-R.S. 18:602(A))
As of this date, the governing authority consists of the mayor and the remaining two aldermen. However, the mayor is not required to vote on the appointment for the office of alderman unless a tie vote occurs. In that case, the mayor shall vote to break the tie; however, the mayor shall not vote more than once on the appointment. If the governing authority fails to make the appointment within ten days, the governor shall make the appointment. (LSA-R.S. 18:602(D))
If the mayor is recalled at the November 13th election, the governing authority shall, within ten days of the vacancy, appoint a qualified person to the office of mayor. At that time, the governing authority should consist of three aldermen (one who is the newly appointed alderman and one who serves as mayor pro tempore). The mayor pro tempore retains his right to vote as an alderman and also has the right to vote as the presiding officer; however, he is not required to vote as the presiding officer unless a tie vote occurs. In that case, he shall vote as the presiding officer to break the tie, but in no case shall he vote more than once, as presiding officer, on the appointment. If the governing authority fails to make the appointment within ten days, the governor shall do so. (LSA-R.S.18:602(A) and (D)).
In reference to your third question, the unexpired terms of the mayor and alderman exceed one year. Therefore, it is our opinion that the governing authority shall issue a proclamation within ten days of the vacancy in the office of alderman, ordering a special election and specifying the dates for the primary and general elections. (LSA-R.S. 18:602(E)(2)) The governing authority shall first choose a gubernatorial or congressional election date, if available within a year of the occurrence of the vacancy. There is a congressional election date available on October 1, 1994 (primary) and November 8, 1994 (general). If the governing authority fails to issue the proclamation within ten days after the vacancy occurs, the governor shall issue the proclamation calling the special election.
Additionally, if the mayor is recalled at the November 13th election, the governing authority shall issue a proclamation within ten days of the vacancy, ordering a special election for October 1, 1994 (primary) and November 8, 1994 (general). If the governing authority fails to issue said proclamation, the governor shall do so.
We have enclosed herein a copy of the relevant statutes, as per your request, and a copy of Opinion No. 93-398 A. If we can be of further assistance in this matter, please advise.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _____________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/pb/0017s
Enclosures